UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REINALDO GARCIA                                    JURY TRIAL DEMANDED

     v.                                                      CASE NO.  3:15 CV  597 (AWT)

WINTHROP W. FRY

PLAINTIFF'S LOCAL RULE 56(a)1 STATEMENT

There is no genuine issue to be tried as to the following material facts.

A. Mr. Garcia is a consumer

1.   Plaintiff is a natural person who resides in Bridgeport, Connecticut and is a consumer within the meaning of the FDCPA.     Complaint (Doc. No. 1) ¶ 3; Answer (Doc. No. 11)

B. Marshal Fry is a debt collector:   Complaint ¶¶ 4-8; Answer

2.   Defendant is a State Marshal for the County of Fairfield, Connecticut, whose business is to serve process for a fee.

3.   Defendant is not a state employee.

4.   Defendant is an independent contractor. Conn. Gen. Stat. §6-38a(a).

5.   Defendant is required to maintain up-to-date records of all process that identify all fees collected and disbursed. Conn. Gen. Stat. §6-32.

6.   Defendant is required to maintain personal liability insurance that includes coverage for erroneous service of civil papers, Conn. Gen. Stat. §6-30a

III. Marshal Fry engaged in collection activity  Complaint ¶¶ 9-12; Answer

7.   On  December 10, 2014, in the Connecticut Superior Court action of Cavalry SPV I, LLC v Garcia, FBT-CV-13-6032290-S,  the clerk granted and issued a Wage Execution in the amount of $5,455.98 upon a judgment arising from plaintiff's use of a credit card for personal, family and household uses.

8.  The execution was forwarded to Marshal Fry promptly thereafter.

9.  Marshal Fry's office faxed information related to said wage execution to an out of state payroll service on or about December 30, 2014. Marshal Fry expressly denied that he "attempted legal execution on plaintiff's wages by means of this fax." (Answer ¶ 11)

10. Marshal Fry faxed documentation pertaining to a wage execution to the plaintiff's employer's payroll service. Doc. No. 14 at 2.

11. A Marshal's fee of $818.40 was described on the cover sheet of the fax sent to the out-of-state payroll service. (Answer ¶ 12)

IV. Marshal Fry does not dispute the following facts

12. Marshal Fry admits that he is to work within his designated county, but may effectuate service of process outside of Fairfield County only as allowed by Conn. Gen. Stat. § 52-56. (Answer ¶ 16; Response to Interrogatory 2)

13. Marshal Fry is aware that service of a wage execution by fax is not permissible under Connecticut General Statutes §52-361a(d). (Answer ¶ 17)

V. Marshal Fry admits

14. Marshal Fry's office has sent copies of wage executions to out of state payroll services via facsimile in order to verify the judgment debtors' employment prior to service of the wage execution. Admission #2, attached.

15. Marshal Fry faxed documentation pertaining to a wage execution to the plaintiff's employer's payroll service not with the intent of effectuating service, but to obtain verification from the employer that the plaintiff was in fact a current employee, and to identify himself as a Connecticut State Marshal authorized to obtain employment verification for purposes of effectuating a wage execution. Doc. No. 14 at 2.

VI. Other facts

16. The employer's response to subpoena, attached, includes all documents transmitted by Marshall Fry to the employer.

17. Plaintiff's employer, Sikorsky, notified him in early January, 2015, that his wages were garnished in the total sum of $6,274.38, and the amount taken would be approximately $491.14 per week. Plaintiff's Affidavit and document attached.

 

THE PLAINTIFF

*Joanne S. Faulkner*

BY__/s/ Joanne S. Faulkner__
JOANNE S. FAULKNER ct04137
123 AVON STREET
NEW HAVEN, CT 06511-2422
(203) 772-0395
faulknerlawoffice@snet.net

Certificate of Service

I hereby certify that on October 2, 2015 a copy of within was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

____/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| REINALDO GARCIA<br>Plaintiff, | CIVIL ACTION NO.<br>3:15 CV 597 (AWT) |
| v. | |
| WINTHROP P. FRY<br>Defendant. | AUGUST 19, 2015 |

### DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS

Pursuant to Fed. R. Civ. P. 36, Defendant in the above-captioned matter Winthrop P. Fry, by and through its attorney, answers the requests for admissions served upon it by Plaintiff Reinaldo Garcia dated July 22, 2015 ("the Requests for Admissions"), as follows:

1. Denied.

2. It is admitted that Marshal Fry's office has sent copies of wage executions to out of state payroll services via facsimile in order to verify the judgment debtor's employment prior to service of the wage execution.

3. It is admitted that the attached pages were included as part of a longer fax transmission sent by the Defendant. It is denied that the handwritten elements of the first page attached were part of the document at the time the Defendant transmitted the fax.

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Connecticut

| | |
|---|---|
| REINALDO GARCIA | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 3:15 CV 597 (AWT) |
| WINTHROP W. FRY | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: SIKORSKY AIRCRAFT CORPORATION
C/O CT CORPORATION SYSTEM

*(Name of person to whom this subpoena is directed)*

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: ALL DOCUMENTS CONCERNING WAGE EXECUTIONS ISSUED BY OR RECEIVED FROM CONNECTICUT MARSHAL WINTHROP FRY ON AND SINCE MAY 1, 2014.

| Place: LAW OFFICE JOANNE FAULKNER<br>123 AVON STREET<br>NEW HAVEN CT 06511 | Date and Time:<br>09/18/2015 9:20 am |
|---|---|

☐ *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

ATTEST: A TRUE COPY

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/22/2015

*CLERK OF COURT*       OR       /s/ Joanne S. Faulkner

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* R. GARCIA, who issues or requests this subpoena, are:

JOANNE FAULKNER, j.faulkner@snet.net, 203-772-0395

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

PRF20141230000054

**STATE MARSHAL W W FRY**
PO BOX 765
MONROE, CT 06468
203-924-4592
203-924-5605 FAX
sue_marshalfry@yahoo.com

## FACSIMILE TRANSMITTAL SHEET

| | |
|---|---|
| **To:** GARNISHMENT TEAM | **From:** SUE |
| **Fax:** 1-602-220-1932 | **Callback:** 203-924-4592 |
| **Company:** SIKORSKY AIRCRAFT / PAYROLL | **Pages:** 7 |
| **Date:** 12/30/2014 | **Time:** 3:35:26 PM |

**Subject:** REINALDO GARCIA (SR) / WAGE GARNISHMENT

**Memo:**

Hello,

This is a NEW wage garnishment against the above named employee. I have NOT verified employment, so if not or no longer employed, please send back term date.

If still employed, please complete section III of the EXEMPTION AND MODIFICATION CLAIM FORM prior to showing or giving copies to the employee.

Let me know if you need anything further to implement the start of this garnishment.

Let me know, also, if you need the originals mailed & I'll do so.

Thanks,

Sue / for
STATE MARSHAL W W FRY
203-924-4592
203-924-5605 FAX
sue_marshalfry@yahoo.com

Case 3:15-cv-00597-AWT   Document 25-2   Filed 10/02/15   Page 7 of 15
From: STATE MARSHAL OFFICE   Page: 2/7   Date: 12/30/2014 1:41:01 PM

PRF20141230000054

STATE MARSHAL W W FRY
PO BOX 765
MONROE, CT 06468
PHONE: 203-924-4592
FAX: 203-924-5605

PAYROLL DEPARMENT

1. THIS IS A WAGE GARNISHMENT REGARDING THE EMPLOYEE WHOSE NAME APPEARS ON THE COURT DOCUMENTS.

2. YOU MUST IMMEDIATELY COMPLETE SECTION III OF THE EXEMPTION & MODIFICATION CLAIM FORM AND GIVE COPIES OF EVERYTHING TO YOUR EMPLOYEE.

3. IF THE AFOREMENTIONED EMPLOYEE IS NO LONGER EMPLOYED OR TERMINATES EMPLOYMENT, YOU MUST CONTACT MY OFFICE AS SOON AS POSSIBLE.

THANK YOU IN ADVANCE FOR YOUR CO-OPERATION AND EFFICIENCY IN HANDLING THIS COURT ORDER.

From: STATE MARSHAL OFFICE    Page: 3/7    Date: 12/30/2014 4:02 PM

PRF20141230000054

# State Marshal W. W. Fry

PO Box 765 ~ Monroe, CT 06468
Phone 203-924-4592~ Fax 203-924-5605~ Email billfry@hotmail.com ~ sue_marshalfry@yahoo.com

12/26/2014

SIKORSKY AIRCRAFT
ATTN: ATTN: GARNISHMENTS
PLANT 3, PO BOX 981993
EL PASO, TX 79998
RE: REINALDO GARCIA (SR)
SS#: 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
Date of Birth:

Notice to Employer:
You have been served with a civil wage execution. Pursuant to Court Order and Connecticut General Statutes 52-361a and 52-0365d(e). This execution must be obeyed 21 days after service on you. Monies must be deducted from sums you owe to the judgment debtor arising from personal services regardless of the judgment debtors status as an employee, agent, independent contractor, etc..

Amounts must be withheld from earnings according to the execution order and remitted to the State Marshal each pay period. You must, using the direction in section 1 on the back of the wage execution proceedings form, compute the amount to be withheld weekly. **It is *not the amount* specified near the top of the application section of the for.** This order must be obeyed unless:
   1. There is a prior civil wage exectuion in the process of being satisfied, in which case, all executions must be satisfied chronologically in the order they are received by you.
   2. A court order is issued modifying this judgment.

Connecticut law requires you to satisfy both a family and civil execution simultaneously.

Failure to comply and pay this execution in full as ordered can result in your personal liability, as the employer to the named judgment creditor for those amounts not paid. Should you have any questions regarding compliance with this execution, please contact the attorney listed or the State Marshal.
**Judgment $5,455.98 + Interest $0.00+Marshal fee $818.40 + Mailing Costs $ $0.00 = Balance Due $6,274.38**

**Post Judgment Interest Continues To Accrue At The Rate Of     0%     Per Year.**

The order should be effective on the first pay day following this date: **JANUARY 20, 2015.**
Make checks payable to:

W. W. FRY
STATE MARSHAL
PO BOX 765
MONROE, CT  06468

REMEMBER, UNLESS THIS EXECUTION IS RELEASED BY THE CONNECTICUT STATE MARSHAL OR THE COURT, YOU THE EMPLOYER ARE RESPONSIBLE FOR THE PROPER LEVY OF THIS EXECUTION.

PRF20141230000054

**WAGE EXECUTION PROCEEDINGS APPLICATION, ORDER, EXECUTION**
JD-CV-3 Rev. 10-09
General Statutes §§ 31-58(j), 52-350a, 52-361a, 52-356d, 29 U.S.C 206(a)(1)

**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov

Employer: See Page 2 for instructions



**Instructions**

| Judgment Creditor or Attorney | Clerk | Proper Officer |
|---|---|---|
| 1. Prepare original and four copies. | 1. Issue execution by signing original and 2 copies. | 1. Leave one signed copy with employer. |
| 2. Attach form JD-CV-3a to one copy of this form. | 2. Retain one copy for court file. | 2. Make return on signed original. |
| 3. Present original and 3 copies to clerk of court | 3. Enter any court ordered limitation at the bottom of section II on page 2. | 3. Leave one copy of Modification and Exemption Claim form (JD-CV-3a) with employer and fill in "Date of Service" on form. |
| 4. Keep one copy for your file | | |

12-12207-0/WX1

Name and mailing address of Judgment Creditor or Attorney
(To be completed by Judgment Creditor or Attorney)

Tobin Melien & Marohn
45 Court Street
New Haven, CT 06511

A True Copy
Attest

_____ Marshal

APPWEX
WAGEEX

| Address of court (Number, street, and town) | ☐ G.A. ☐ J.D. ☐ Housing Session | Date of judgment | Docket number |
|---|---|---|---|
| 1061 Main Street, Bridgeport, CT | | 9/23/13 | FBT-CV-13-6032290-S |

Amount of $ 35/week (weekly, monthly, or other) payments ordered
(Employers must pay amount of execution calculated on page 2 of this form)

Commencement date 11/1/13

| Name(s) and address(es) of Judgment Creditor(s) | Name(s) and address(es) of Judgment Debtor(s) |
|---|---|
| CAVALRY SPV I, LLC c/o Tobin Melien & Marohn 45 Court Street New Haven, CT 06511 | REINALDO GARCIA, SR 210 Weber Ave Bridgeport, Connecticut 06610-3018 |

Name and address of employer of Judgment Debtor (if known)
SIKORSKY AIRCRAFT; PLANT 3, PO BOX 981994; EL PASO, TX 79998

Telephone number of employer (if known): 866-627-2605

1. Amount of judgment (include where applicable, prejudgment interest and attorney's fees): $5,756.94
2. Amount of costs and fees: $406.80
3. Total amount of judgment, costs and fees (Add 1 and 2): $6,163.74
4. Total amount paid (if any): $907.76
5. Total amount unpaid (Subtract 4 from 3): $5,255.98
6. Application fee for wage execution (if not waived by the court): $100.00
7. Other Court ordered postjudgment costs and fees: $100.00
   ☐ Check if applicable — Postjudgment interest was ordered by the Court
8. Total of lines 5, 6 and 7: $5455.98

Signed (Judgment Creditor/Attorney): William L. Marohn
Date signed: 11/25/2014
Telephone number: 777-6650

**To: Any Proper Officer**

Whereas the above-named Judgment Creditor(s) recovered judgment against the above-named Judgment Debtor(s) for the above Amount of Judgment, Costs and Fees as appears of record, whereof execution remains to be done on the Total Shown in line 8 above,

And Whereas, pursuant to statute, the said court entered an order that said judgment be paid in installment payments,

And Whereas, the said Judgment Debtor(s) failed to comply with said order for installment payments, as appears of record by application of said Judgment Creditor(s) moving that this execution issue on said Total in line 8 above.

These are, therefore, by authority of the State of Connecticut, to command you, that of any wages due any said Judgment Debtor as may not exceed the Amount of Execution calculated on page 2 of this form, within your precincts, you cause to be levied, paid, and satisfied unto the said Judgment Creditor(s), with postjudgment interest as ordered by the Court, if applicable, plus the application fee and other Court ordered postjudgment costs and fees, and your own fees.

Make service hereof within one year of this date, and due return hereof with your doings thereon, within thirty days from satisfaction hereof.

Signed (Assistant Clerk of said court): _____
On (Date): 12-10-14

For Court Use Only
File date

Page 1 of 2

WAGE EXECUTION PROCEEDINGS



Case 3:15-cv-00597-AWT   Document 25-2   Filed 10/02/15   Page 10 of 15
From: STATE MARSHAL OFFICE    Page: 5/7   Date: 12/30/2014 04:41:05 PM

PRF20141230000054

## Important Notice To Employer

You are being served with a wage execution, a court order requiring you to withhold non-exempt wages from a person employed by you. This execution is being served on you because your employee, the Judgment Debtor (on page 1), has had a judgment entered against him/her by the Superior Court requiring him/her to pay judgment, costs and fees to the Judgment Creditor (on page 1) and has not made payment of the total amount of the judgment plus any costs and fees as shown on page 1. This notice is to inform you of the actions you must take in order to comply with the law regarding wage executions. Please read each section carefully.

**I. You must notify the employee** — Your employee has certain legal rights which may allow him/her to request the court to change or stop this execution upon his/her wages. A notice of his/her rights and how to get a hearing in court is attached to the second copy of the wage execution given to you by the officer. You must complete your portion of the wage execution and your portion of the exemption and modification claim form and *deliver or mail, postage prepaid, a copy of these papers to your employee immediately* so that your employee can make any claims allowed by law.

**II. Execution not effective for 20 days** — This execution is not effective until after 20 days from the day the officer served these papers on you. No money should be deducted from your employee's wages until the first wages you pay to your employee after the 20-day period ends.

If your employee elects within the 20-day period to make a claim to the court that his/her wages are partially or totally exempt from execution to pay this judgment or he/she seeks to have the amount of this execution changed, wages are not to be withheld from the employee until the court decides the claims or determines the rights of your employee in this case.

If you are not notified that your employee has filed papers with the court, the execution is to be enforced after 20 days from the date of service on you.

**III. Stay of execution** — No earnings claimed to be exempt or subject to a claim for modification may be withheld from any employee until determination of the claim by the court.

**IV. Only one execution issued under section 52-361a of the General Statutes is to be satisfied at a time** — You must make deductions from your employee's wages and pay over the withheld money against only one execution issued under General Statutes section 52-361a at a time. If you are served with more than one execution issued under General Statutes section 52-361a against this employee's wages, the executions are to be satisfied in the order in which you are served with them. *(Income withholdings and voluntary wage deductions for support of a family, if there are any, must be paid before this execution. Family support income withholdings and voluntary wage deductions are issued on Form JD-FM-1.)*

**V. Maximum amount deducted** — The maximum amount which can be legally withheld from your employee's wages is 25% of his/her disposable earnings for each week. The amount to be withheld to pay this execution may be less than 25%, but it can never be more. The computations you complete below will allow you to calculate the exact amount which should be withheld from this employee's wages.

Unless the court orders that this execution is to be for a smaller amount, you must withhold and pay over the maximum amount which you figure out using the computations below. Your employee has a right to request the court to reduce the amount withheld, but until you receive notice that the court has agreed to allow the amount to be reduced, you must withhold the maximum amount.

**VI. Your duty to comply with this execution** — You have a legal duty to make deductions from your employee's wages and pay any amounts deducted as required by this execution. If you do not, legal action may be taken against you. If you are found to be in contempt of a court order, you may be held liable to the Judgment Creditor for the amounts of wages which you did not withhold from your employee.

**VII. Discipline against your employee** — You may not discipline, suspend or discharge your employee because this wage execution has been served upon you. If you do unlawfully take action against your employee, you may be liable to pay him all of his lost earnings and employment benefits from the time of your action to the time that the employee is reinstated.

The law allows you to take disciplinary measures against the employee if you are served with more than 7 wage executions against his/her wages in any calendar year.

## Section I. Computation Of Employee's Disposable Earnings

"Disposable Earnings" means that part of the earnings of an individual remaining after the deduction from those earnings of amounts to be withheld for payment of federal income and employment taxes, normal retirement contributions, union dues and initiation fees, group life insurance premiums, health insurance premiums, and federal tax levies.

1. Employee's gross compensation per week...........................................................................................  _____
2. Federal income tax withheld...............................................................................................................  _____
3. Federal employment tax.......................................................................................................................  _____
4. Normal retirement contribution............................................................................................................  _____
5. Union dues and initiation fees.............................................................................................................  _____
6. Group life insurance premium.............................................................................................................  _____
7. Health insurance premium...................................................................................................................  _____
8. Other federal tax levies........................................................................................................................  _____
9. Total allowable deductions (Add lines 2-8)........................................................................................  _____
10. Weekly Disposable Earnings (Subtract line 9 from line 1)................................................................  _____

## Section II. Computation Of Employee's Disposable Earnings

| | To be calculated by employer | Column 1 | Column 2 |
|---|---|---|---|
| | A-1. Weekly disposable earnings *(from line 10 above)* | $ | |
| | A-2. 25% of disposable earnings for week | | $ |
| | B-1. Weekly disposable earnings *(from line 10 above)* | $ | |
| 40 x $9.15 | B-2. Forty times the HIGHER of the current federal minimum hourly wage OR state full minimum fair wage. | $ 366.00 | |
| | Amount by which line B-1 exceeds B-2 | | $ |
| | Amount of Execution *(Lesser of the two amounts in column 2 subject to any court ordered limitation set forth in the box below if a lesser amount.)* | | $ |

Court ordered limitation *(If any, to be entered by clerk)*

From: STATE MARSHAL OFFICE    Page: 6/7    Date: 12/30/2014 1:44:03 PM
PRF20141230000054

**EXEMPTION AND MODIFICATION
CLAIM FORM, WAGE EXECUTION**
JD-CV-3a Rev. 4-14
C.G.S. § 31-58(j), 52-212, 52-350a, 52-352b, 52-361a,
52-361b, 29 U.S.C. 206(a)(1)

**STATE OF CONNECTICUT
SUPERIOR COURT**
www.jud.ct.gov 

MXMPEX

12-12207-0
WE1.FRM

**Instructions**
*To proper officer:* Complete Section II below and make service on employer in accordance with the instructions on form JD-CV-3.

*To employer:* Complete Section III below and immediately deliver to employee.

Name and mailing address of judgment debtor (person who must pay money) or attorney of judgment debtor
*(To be completed by judgment creditor (person who money is paid to))*

To:
**REINALDO GARCIA, SR
210 Weber Ave
Bridgeport, Connecticut 06610-3018**

**Section I** - Judgment Creditor (person who money is paid to) must fill out this section and attach to one copy of the wage execution application (JD-CV-3).

☐ Judicial District  ☐ Housing Session  ☐ Geographical Area number

Name and address of court: **1061 Main Street Bridgeport, CT 06604**

Name of case: **CAVALRY SPV I, LLC VS. REINALDO GARCIA, SR**

Docket number: **FBT-CV-13-6032290-S**

Name of judgment debtor (person who must pay money): **REINALDO GARCIA, SR**

**Section II** - *Proper Officer must complete this section*

Name of proper officer: **STATE MARSHAL W W FRY**

Date of service of wage execution on employer: **12/30/2014**

**Section III** - *Employer must fill out this section and IMMEDIATELY send one copy of this form and the Wage Execution form (JD-CV-3) to the judgment debtor (General Statutes section 52-361a(d)).*

Name and address of employer: **SIKORSKY AIRCRAFT; PLANT 3, PO BOX 981994; EL PASO, TX 79998**

Telephone number of payroll department: **866-627-2605**

Date of delivery or mailing to judgment debtor: 

Total amount of wage execution: **$ 6,274.38**

Amount to be taken out from weekly earnings: $

**Section IV** - Notice to judgment debtor *(person who must pay money)*

Because a judgment entered against you, the attached execution has been issued against wages earned by you from the employer named above. Beginning twenty (20) days from the Date of Service of Wage Execution on Employer indicated above, the employer will remove from your weekly earnings an amount of money which leaves you with (a) seventy-five percent (75%) of your disposable earnings OR (b) forty (40) times the higher of the minimum hourly wage set by federal law or state law; whichever is the larger amount. On page 2 of this form are the sections of the Connecticut General Statutes which your employer must follow to figure out (calculate) the weekly amount that may be taken out of your wages to agree with the wage execution. If you think that your employer has not calculated the weekly amount correctly, you should tell your employer.

Your earnings may be exempt from execution (do not have to be taken) — Any wages earned by a person who gets public assistance under an incentive earnings or similar program are exempt from (may not be taken from you) execution. (Section 52-352b(d) of the Connecticut General Statutes).

How to claim an exemption allowed by law — If you want to claim that your earnings are exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and return this exemption and modification claim form to the Superior Court at the above address.

When the clerk of the Superior Court gets this form, the clerk will notify you and the judgment creditor of the date on which the court will have a hearing to figure out the issues raised by your claim. If this form is received by the court no later than twenty (20) days from the Date of Service of Wage Execution on Employer indicated above, the employer will not begin withholding (removing) your earnings from your wages until after your claim is figured out by the court. A claim may also be filed after the twenty (20) day period. No earnings claimed to be exempt may be withheld from any employee until the claim has been figured out.

Modification of execution — If you have reasonable cause to believe that you have a right to a modification (change) of the wage execution and you want to ask for a modification (to have less money taken from your wages), you must fill out the Claim for Modification on page 2 of this form and return this exemption and modification claim form to the Superior Court at the address listed above.

When the clerk of Superior Court gets this form the clerk will tell you and the judgment creditor the date on which the court will have a hearing to figure out the issues raised by your claim. If this form is received by the court no later than twenty (20) days from the Date of Service of Wage Execution on Employer indicated above, the employer will not begin withholding your earnings until after your claim is figured out by the court. A claim may also be filed after the twenty (20) day period. No earnings subject to a claim for modification may be withheld from any employee until the claim has been figured out.

Setting aside judgment — If the judgment was made against you because you did not come to court, you may, within four (4) months of the date the court made its judgment and upon belief that you have reasonable cause, ask the court to set aside the judgment entered against you and the case will begin again.

**For Court Use Only**
File date

Page 1 of 2

Exemption and modification claim

## Section V - Claim of exemption established by law

I, the Judgment Debtor (person who must pay money), claim and certify under the penalty of false statement that my earnings are exempt from execution (do not have to be taken) because:

☐ I get public assistance and earn wages under an incentive earnings or similar program and my earnings are exempt from execution, or

☐ Other statutory exemption (state exemption and statutory citation) _____

| | | | Telephone number |
|---|---|---|---|
| Signed (Judgment Debtor) | Date signed | Name and address of judgment debtor | |

## Section VI - Claim for modification

I, the Judgment Debtor (person who must pay money), ask for a modification of the wage execution against me because: _____
Describe why you think you should get a modification (have less money taken from your wages)

New amount requested _____ / Per week

| | | | Telephone number |
|---|---|---|---|
| Signed (Judgment Debtor) | Date signed | Name and complete mailing address of judgment debtor | |

## Section VII - Agreement to a modification

The Judgment Creditor(s) (person who money is paid to) agrees to the modification of the Wage Execution claimed

| | Date |
|---|---|
| Signed (Judgment Creditor(s) or Attorneys) | |

## Section VIII - Notice of hearing on exemption / modification claim

| Date of hearing | Time of hearing | Courthouse: | By the Assistant Clerk |
|---|---|---|---|
| | | M. | |

## Section IX - Order of court

It is ordered that:

| | | Date signed |
|---|---|---|
| Signed (Judge Magistrate Assistant Clerk) | By order of the court | |

## General statutes

1. The following is the part of section 52-361a(f) of the Connecticut General Statutes which says what part of your wages can be removed by the

Case 3:15-cv-00597-AWT   Document 25-2   Filed 10/02/15   Page 13 of 15
From: STATE MARSHAL OFFICE    Page: 2/2    Date: 1/13/2015 8:02:45 AM

PRF20150113000033

## State Marshal W. W. FRY
P.O. Box 765 ~ Monroe, CT 06468

# Release of Lien

January 13, 2015

SIKORSKY AIRCRAFT
PLANT 3, PO BOX 981993
EL PASO TX 79998

RE: CAVALRY SPV I
VS. REINALDO GARCIA (SR)
SS# 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
DOCKET # FBT-CV-13-6032290-S

Dear Sir or Madam:

You are authorized to release the above Wage Execution. All sums presently withheld from the wages of REINALDO GARCIA (SR) must be returned forthwith to the employee.

SIKORSKY AIRCRAFT is hereby relieved from all further obligation under said attachment.

Thank-you for your co-operation in this matter.

*W. W. Fry*
W. W. Fry
State Marshal
P.O. Box 765
Monroe, CT 06468

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

REINALDO GARCIA                      JURY TRIAL DEMANDED

v.                            CASE NO.  3:15 CV  597 (AWT)

WINTHROP W. FRY

AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

1. I am the Plaintiff in this action. I am over the age of eighteen and make this affidavit on my personal knowledge.

2. On or before January 10, 2015, I received notice that my wages had been garnished.

3. The attached page of what I received shows that approximately $491.14 would be taken out of my weekly pay.

I hereby certify under the penalties of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and accurate.

Signed on _____9/29_____ 2015.

_____
Reinaldo Garcia

PRF20141230000054          From: STATE MARSHAL OFFICE      Page: 6/7    Date: 12/30/2014 1:41:03 PM

**EXEMPTION AND MODIFICATION CLAIM FORM, WAGE EXECUTION**
JD-CV-3a Rev 4-14
C.G.S. § 31-58(j), 52-212, 52-350a, 52-352b, 52-361a,
52-361b, 29 U.S.C. 206(a)(1)

**STATE OF CONNECTICUT SUPERIOR COURT**
www.jud.ct.gov



12-12207-0
WE1.FRM
MXMPEX

Name and mailing address of judgment debtor (person who must pay money) or attorney of judgment debtor
(To be completed by judgment creditor (person who money is paid to))

To:  REINALDO GARCIA, SR
     210 Weber Ave
     Bridgeport, Connecticut 06610-3018

**Instructions**
To proper officer: Complete Section II below and make service on employer in accordance with the instructions on form JD-CV-3.

To employer: Complete Section III below and immediately deliver to employee.

**Section I** - Judgment Creditor (person who money is paid to) must fill out this section and attach to one copy of the wage execution application (JD-CV-3).

☐ Judicial District   ☐ Housing Session   ☐ Geographical Area number

Name and address of court: 1061 Main Street Bridgeport, CT 06604

Name of case: CAVALRY SPV I, LLC VS. REINALDO GARCIA, SR
Docket number: FBT-CV-13-6032290-S

Name of judgment debtor (person who must pay money): REINALDO GARCIA, SR

**Section II** - Proper Officer must complete this section
Name of proper officer: STATE MARSHAL W W FRY
Date of service of wage execution on employer: 12/30/2014

**Section III** - Employer must fill out this section and IMMEDIATELY send one copy of this form and the Wage Execution form (JD-CV-3) to the judgment debtor (General Statutes section 52-361a(d)).

Name and address of employer: SIKORSKY AIRCRAFT; PLANT 3, PO BOX 981994; EL PASO, TX 79998
Telephone number of payroll department: 866-627-2605

Date of delivery or mailing to judgment debtor: 01/05/2015
Total amount of wage execution: $ 6,274.38
Amount to be taken out from weekly earnings: $491.14 Approx.

**Section IV** - Notice to judgment debtor (person who must pay money)

Because a judgment entered against you, the attached execution has been issued against wages earned by you from the employer named above. Beginning twenty (20) days from the Date of Service of Wage Execution on Employer indicated above, the employer will remove from your weekly earnings an amount of money which leaves you with (a) seventy-five percent (75%) of your disposable earnings OR (b) forty (40) times the higher of the minimum hourly wage set by federal law or state law; whichever is the larger amount. On page 2 of this form are the sections of the Connecticut General Statutes which your employer must follow to figure out (calculate) the weekly amount that may be taken out of your wages to agree with the wage execution. If you think that your employer has not calculated the weekly amount correctly, you should tell your employer.

Your earnings may be exempt from execution (do not have to be taken) — Any wages earned by a person who gets public assistance under an incentive earnings or similar program are exempt from (may not be taken from you) execution. (Section 52-352b(d) of the Connecticut General Statutes).

How to claim an exemption allowed by law — If you want to claim that your earnings are exempt by law from execution you must fill out and sign the Claim of Exemption on page 2 of this form and return this exemption and modification claim form to the Superior Court at the above address.

When the clerk of the Superior Court gets this form, the clerk will notify you and the judgment creditor of the date on which the court will have a hearing to figure out the issues raised by your claim. If this form is received by the court no later than twenty (20) days from the Date of Service of Wage Execution on Employer indicated above, the employer will not begin withholding (removing) your earnings from your wages until after your claim is figured out by the court. A claim may also be filed after the twenty (20) day period. No earnings claimed to be exempt may be withheld from any employee until the claim has been figured out.

Modification of execution — If you have reasonable cause to believe that you have a right to a modification (change) of the wage execution and you want to ask for a modification (to have less money taken from your wages), you must fill out the Claim for Modification on page 2 of this form and return this exemption and modification claim form to the Superior Court at the address listed above.

When the clerk of Superior Court gets this form the clerk will tell you and the judgment creditor the date on which the court will have a hearing to figure out the issues raised by your claim. If this form is received by the court no later than twenty (20) days from the Date of Service of Wage Execution on Employer Indicated above, the employer will not begin withholding your earnings until after your claim is figured out by the court. A claim may also be filed after the twenty (20) day period. No earnings subject to a claim for modification may be withheld from any employee until the claim has been figured out.

Setting aside judgment — If the judgment was made against you because you did not come to court, you may, within four (4) months of the date the court made its judgment and upon belief that you have reasonable cause, ask the court to set aside the judgment entered against you and the case will begin again.

**For Court Use Only**
File date

Page 1 of 2                                    Exemption and modification claim